1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

12

SECURITIES AND EXCHANGE COMMISSION, )

Plaintiff,

vs.

IGORS NAGAICEVS,

Defendant.

13

14

15

16

17

Case No. CV-12-0413-CW

ORDER GRANTING
PLAINTIFF SECURITIES AND
EXCHANGE COMMISSION'S
MOTION FOR
AUTHORIZATION TO SERVE
DEFENDANT IGORS
NAGAICEVS BY EMAIL

18

19

20

21

22

23

24

25

26

27

28

**ORDER AUTHORIZING SERVICE BY EMAIL OF DEFENDANT IGORS NAGAICEVS**

Plaintiff Securities and Exchange Commission ("Commission") moves for authorization to serve defendant Igors Nagaicevs ("Nagaicevs") with the Summons, Complaint and other pleadings by email in accordance with Rule 4(f)(3) of the Federal Rules of Civil Procedure.  Rule 4(f)(3) provides that an individual in a foreign country may be served "by other means not prohibited by international agreement as may be directed by the court."  Fed. R. Civ. Pro. 4(f)(3).  By virtue of "this plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement.  No other limitations are evident from the text."  *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  Courts in the Northern District of California have authorized service by email upon foreign defendants.  *E.g.*, *Craigslist, Inc. v. Temple*, 2010 U.S. Dist. LEXIS 144411 at *3-4 (N.D. Cal. May 20, 2010) (Ware, C.J.).

Plaintiff previously attempted service upon Nagaicevs at the personal address in Latvia that he provided when establishing many of the trading accounts he is accused of misusing in the instant case., using procedures set forth in the Hague Convention.  On July 20, 2012, the Latvian Ministry of Justice returned the service documents to Plaintiff with a notation that the "addressee cannot be located."  Yun Decl. 11, Ex. 10, 1, 3.  Because the Latvian process server indicated that the "addressee" could not be located, rather than the "address," the Court directs Plaintiff send the service documents to Nagaicevs at the address in Latvia using International mail with a return receipt requested.

The Court notes that, in some applications, Nagaicevs also provided an address in Seychelles for the corporate entity Lemantek, Ltd.  In its motion, Plaintiff explains that Nagaicevs engaged in wrongful trading activities "while holding himself out as being associated with a business called Lemantek LTD."  Mot. at 4.  Plaintiff has not offered evidence that it tried to serve Nagaicevs through the Seychelles address or an explanation as to why it has not done so.  Because, while establishing some of the relevant trading accounts, Nagaicevs provided a physical address in Seychelles for a corporate entity with which he was associated, the Court directs Plaintiff to attempt to serve him through the Seychelles address as well.

Having considered the papers submitted by Plaintiff, the Court finds that no international agreement prohibits email service upon Nagaicevs in Latvia because the previous effort to serve him in

1   Latvia was unsuccessful and because Latvian law authorizes service of summons by email.  Because the

2   most recent evidence that the email account lemantek@gmail.com is active and in use is more than two

3   years old, the Court directs Plaintiff to seek further proof from Google, Inc. that this account is still active

4   today.  The Court further finds that email service upon Nagaicev, in combination with other measures

5   ordered herein, is appropriate because his use of an email account for his securities transactions

6   demonstrates that service by email is reasonably calculated to provide Nagaicevs with notice of the

7   Summons and Complaint and the opportunity to appear in this case.

8        GOOD CAUSE APPEARING, the Court authorizes Plaintiff to serve Nagaicevs with the

9   Summons, Complaint, and other pleadings by email and as otherwise provided in this Order in

10   accordance with Rule 4(f)(3) of the Federal Rules of Civil Procedure.

11        IT IS SO ORDERED.

12   DATED:  10/16/2012

13

14

15                    CLAUDIA WILKEN
                      United States District Court

16

17

18

19

20

21

22

23

24

25

26

27

28

2